**Supreme Court**
No. 2024-363-Appeal.
(WD 24-222)

Maria J. Abregu            :

v.                         :

Yanira Gonzalez.           :

# O R D E R

The plaintiff, Maria J. Abregu, appeals from a Superior Court judgment entered in favor of the defendant, Yanira Gonzalez, following a bench trial. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.[1] For the reasons set forth herein, we affirm the judgment of the Superior Court.

---

[1] At 2:31 p.m. on the day before this case was scheduled for oral argument, plaintiff filed a motion asking the Court to reschedule the matter because "[her] address changed, and [she] just received [her] forwarded mail * * *." We denied the motion. We remind litigants that it is their responsibility to apprise the clerk's office of their current address at all times. On the following day, defendant appeared in court; plaintiff did not. As defendant represented that she had driven from Virginia and had not received notice of plaintiff's motion until late in the day, we allowed her to address the Court.

This case stems from a dispute surrounding home improvements to plaintiff's property at 23 Winterberry Road in Narragansett (the property) after it suffered water damage. The plaintiff alleges that she entered into an oral contract with defendant, who owns a contracting business called Master Kitchens Center, at some point during the summer of 2023. Both parties agree that the oral contract called for the installation of kitchen countertops for the property, and there is no dispute regarding the satisfactory quality of that work.

However, plaintiff claims that the contract required defendant to perform other work that, in her view, was either completed unsatisfactorily or left unfinished. The alleged additional work included portions of the outside deck that had protruding screws, an outdoor shower that was not properly winterized, concrete steps that were installed in violation of the Rhode Island State Building and Fire Code Regulations, and several other electrical and plumbing issues. The plaintiff further submits that she gave defendant several opportunities to remediate those issues; but, because defendant failed to do so, she had to "hire out" others to complete the work. She seeks $3,000 in damages.

The defendant disputes plaintiff's claims. She asserts that she only agreed to install the countertops. When she arrived at the property to do so, she noticed that there were several issues with the home, namely that it "was just gutted" because, although the house had appliances, it was missing flooring and "[t]he electrical was

- 2 -

missing." According to defendant, plaintiff informed her that she had a budget of $8,000, which was not enough for defendant to perform the work; however, she suggested that her brother might do the work within that price range. The defendant testified at trial that her only involvement in the agreement between her brother and plaintiff was to act as a facilitator for the payment of her brother's services. Other than that, defendant would assist plaintiff and her brother by sourcing and delivering materials to the property, at plaintiff's request, "because [plaintiff] was going through a tough time." The plaintiff does not dispute that defendant's brother was the person who performed the work; rather, she characterizes defendant's brother as defendant's employee.

On March 4, 2024, plaintiff filed an action against defendant in District Court seeking to recover $3,000 in damages plus court fees. A trial was held on April 29, 2024, and the matter was ultimately dismissed by the court that same day. The plaintiff appealed the decision of the District Court to the Superior Court, also on April 29, 2024.

On August 2, 2024, a justice of the Superior Court held a nonjury trial, hearing plaintiff's claim *de novo*. The plaintiff and defendant each represented themselves at the trial, and the only evidence offered appears to have been their testimony.[2]

---

[2] From the trial transcript it appears that plaintiff offered pictures of her home for identification. She also attempted to admit certain text messages allegedly showing that defendant's brother was an employee, but it is not clear from the record if these

After hearing the evidence, the trial justice rendered a decision from the bench in which she found "more credible the testimony of the defendant in that she was retained for the sole purpose of installing * * * the countertops." She then ruled in favor of defendant, after which plaintiff filed a premature but valid notice of appeal. The matter was later remanded for entry of final judgment in accordance with Rule 58 of the Superior Court Rules of Civil Procedure, and judgment entered on March 25, 2025.

"A judgment in a nonjury case will be reversed on appeal when it can be shown that the trial justice misapplied the law, misconceived or overlooked material evidence or made factual findings that were clearly wrong." *Cathay Cathay, Inc. v. Vindalu, LLC*, 962 A.2d 740, 745 (R.I. 2009) (quoting *Town of West Greenwich v. A. Cardi Realty Associates*, 786 A.2d 354, 357-58 (R.I. 2001)). "Otherwise, we are deferential to the trial justice's findings of fact and give them great weight." *Id.* "Furthermore, this Court 'gives great deference to the trial justice's determinations of credibility because it was the trial justice who had the opportunity to observe the

---

messages were accepted as a full exhibit or for identification, or if they were even shown to the trial justice. Further, defendant offered a check in the amount of $2,490—payment for installing the countertops—into evidence, which was received as a full exhibit. However, the court clerk characterized the exhibits as being offered only for identification and returned them to the parties. The exhibits page of the transcript does indicate that the photographs were accepted for identification and the check as a full exhibit. Nevertheless, this Court is unable to review any of those items as they did not become part of the record.

witnesses' live testimony and the witnesses' demeanor.'" *Sepulveda as Trustee of 7 Half Mile Road Living Trust v. Buffum*, 334 A.3d 98, 103 (R.I. 2025) (brackets and deletion omitted) (quoting *Anton v. Houze*, 277 A.3d 695, 705 (R.I. 2022)).

On appeal, plaintiff appears to argue that the trial justice either misconceived the evidence or that her findings were clearly wrong. The plaintiff claims that she "had the evidence during trial that [her] contract was with [defendant], that [she] paid [defendant] in full, that the contractual relationship was never with the brother, and that the work in question was done by [defendant] and her employee ([defendant's] brother)" and that defendant "lied under oath." She requests that we "review the evidence" and hold that defendant breached the contract. The defendant disputes those claims and asks this Court to uphold the trial justice's decision.

After hearing and carefully considering the testimony of the parties, the trial justice determined that defendant was "more credible" and "that [defendant] was retained for the sole purpose of installing * * * the countertops." The trial justice is owed deference in that conclusion. *See Turacova v. DeThomas*, 45 A.3d 509, 517 (R.I. 2012) ("Whether a party has breached a contract is a question of fact."). The only evidence presented to the trial justice was the oral testimony of the parties; therefore, her determination that defendant was more credible than plaintiff was paramount in coming to her ultimate decision in the case. Because she was in the courtroom listening to the testimony and observing the demeanor of the parties, she

- 5 -

was in the best position to make such credibility determinations. *See Sepulveda*, 334 A.3d at 103; *see also State v. Lopez*, 129 A.3d 77, 84 (R.I. 2016) ("[A] trial justice, being present during all phases of the trial, is in an especially good position to evaluate the facts and to judge the credibility of the witnesses.") (quoting *State v. Gonzalez*, 56 A.3d 96, 103 (R.I. 2012)).  After reviewing the evidence in the record, we cannot say that the trial justice misconceived the evidence or that her factual findings were clearly wrong.

Accordingly, we hold that the trial justice did not err in rendering judgment in favor of the defendant.  For the foregoing reasons, the judgment of the Superior Court is affirmed.  The record may be returned to the Superior Court.


Entered as an Order of this Court this 13th day of April, 2026.

By Order,


___/s/ Meredith A. Benoit_____
Clerk


Justice Goldberg participated in the decision but retired prior to its publication.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

### ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Maria J. Abregu v. Yanira Gonzalez. | |
| **Case Number** | No. 2024-363-Appeal.<br>(WD 24-222) | |
| **Date Order Filed** | April 13, 2026 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Washington County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Maria Abregu, *pro se* | |
| | For Defendant:<br><br>Yanira Gonzalez, *pro se* | |